UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CHRISTOPHER M. HUBER and MARIAN HUBER,<br><br>    Plaintiffs,<br><br>    v.<br><br>TOWER GROUP, INC., a Delaware corporation; TOWER INSURANCE COMPANY OF NEW YORK, a subsidiary of Tower Group, Inc., doing business in California as TOWER SELECT INSURANCE COMPANY; DONALD K. SAMS AND ASSOCIATES, INC.; and DOES 1-20,<br><br>    Defendants.<br>_____/ | NO. CIV. 2:12-642 WBS JFM<br><br>MEMORANDUM AND ORDER RE: MOTION TO REMAND AND MOTIONS TO DISMISS |

----oo0oo----

Plaintiffs Christopher M. Huber and Marian Huber brought this action against defendants Tower Group, Inc. ("Tower Group"), Tower Insurance Company of New York ("Tower Insurance"), a subsidiary of Tower Group, Inc., doing business in California as Tower Select Insurance Company ("Tower Select"), and Donald K. Sams and Associates, Inc. ("Sams & Associates"), stating claims

1

arising out a homeowners' insurance dispute.  Presently before the court is plaintiffs' motion to remand to state court on the basis that removal was improper because Sams & Associates is not a sham defendant.  (Docket No. 18.)  Also before the court are Sams & Associates' and Tower Group's motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Docket Nos. 9, 11.)

I.   Factual and Procedural Background

Plaintiffs own real property in Grass Valley, California.  Plaintiffs' property was insured through a homeowners' insurance policy purchased from Tower Select.  (Compl. ¶ 14, Ex. 1.)  In early September 2010, plaintiffs' property was damaged during severe weather.  (Id. ¶ 18.)  Plaintiffs made a claim for damages on October 25, 2010, at the office of their insurance broker.  (Id. ¶ 19.)

Plaintiffs allege that after they filed their claim, Tower Select retained Sams & Associates as a "captive private insurance adjuster" to view and assess the damages to the property.  (Id. ¶ 20.)  On November 23, 2010, Sams & Associates retained Cecil Construction Company ("Cecil") to begin emergency repairs to the property.  (Id. ¶ 20.)  Plaintiffs allege that the emergency repairs left the property in a state of disrepair and made their house uninhabitable after the property was penetrated by toxic mold, rats, and other vermin.  (Id. ¶¶ 20, 22.)

Plaintiffs estimate that repairs on all of the damaged structures on the property will cost approximately $115,690.05 and that the complete eradication of the mold problem will cost approximately $27,321.68.  (Id. ¶¶ 22, 24.)

2

On February 14, 2012, plaintiffs, who are California residents, filed suit in state court against Tower Group, a Delaware corporation having its principal place of business in New York, Tower Insurance, a New York corporation having its principal place of business in New York, and Sams & Associates, a California corporation. (Not. of Removal at 1-2, Ex. A (Docket No. 1).) Defendants removed the action to federal court pursuant to 28 U.S.C. § 1441(b) on the ground that diversity of citizenship exists because Sams & Associates is a sham defendant.[1] Plaintiffs contest that Sams & Associates is a sham defendant and now move to remand to state court.

II. Discussion

    A. Remand to State Court

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . where such action is pending." 28 U.S.C. § 1441(a). The Ninth Circuit strictly construes the removal statute against removal jurisdiction, and the party seeking removal bears the burden of establishing federal jurisdiction. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Any questions regarding the propriety of removal are resolved in

---

[1] Defendants request that the court judicially notice the Notice of Removal filed with this court on March 14, 2012. (Docket No. 22.) The court does not need to take judicial notice of the notice of removal to consider it because it is a part of the record in this case.

3

favor of the party moving for remand. <u>Matheson v. Progressive Speciality Ins. Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003). If removal was improper, "the district court lack[s] subject matter jurisdiction, and the action should [be] remanded to the state court." <u>Toumajian v. Frailey</u>, 135 F.3d 648, 653 (9th Cir. 1998) (citing 28 U.S.C. § 1447(c)).

Federal courts have original jurisdiction over cases where all parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Here, plaintiffs allege that they have been damaged in excess of $200,000, therefore the amount in controversy exceeds $75,000.[2] The remaining issue, therefore, is whether diversity exists between all parties.

On the face of the Complaint, it seems clear that complete diversity does not exist between all parties as Sams & Associates and plaintiffs are California citizens and that, therefore, removal was improper. Defendants argue, however, that Sams & Associates is a fraudulently joined defendant and that the court should disregard its citizenship for purposes of determining diversity jurisdiction. (Notice of Removal at 3:6-5:6.)

A non-diverse defendant may be disregarded for purposes of determining complete diversity if that defendant was

---

[2] Despite explicitly pleading that they have been damaged in excess of $200,000, plaintiffs argue that the amount in controversy is not met because "[d]efendant has proferred [sic] to plaintiffs the total of $47,159.58." (Reply to Opp'n to Mot. to Remand at 2:22-23 (Docket No. 23).) The amount in controversy is determined by evaluating the allegations on the face of the complaint, not by what defendants may have offered to settle plaintiffs' claims.

4

fraudulently joined. <u>Hamilton Materials Inc. v. Dow Chem. Corp.</u>, 494 F.3d 1203, 1206 (9th Cir. 2007). A plaintiff has fraudulently joined a defendant when the "plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." <u>McCabe v. Gen. Foods Corp.</u>, 811 F.2d 1336, 1339 (9th Cir. 1987). There is a general presumption against a finding of fraudulent joinder, and the removing party must prove by clear and convincing evidence that joinder was fraudulent. <u>Hamilton Materials Inc.</u>, 494 F.3d at 1206. If there is a "non-fanciful possibility that the plaintiffs can state a claim against the non-diverse defendant, the [district] court must remand." <u>Vu v. Ortho-McNeill Pharm., Inc.</u>, 602 F. Supp. 2d 1151, 1154 (N.D. Cal. 2009).

        1.   <u>Claims Under Insurance Code section 790.03</u>

Plaintiffs raise one cause of action against Sams & Associates alleging negligent adjustment of loss.[3] Plaintiffs appear to raise this claim under California Insurance Code section 790.03. (<u>See</u> Compl. ¶ 51; Pls.' Opp'n to Mot. to Dismiss Sams & Assocs. at 7:11-12 (Docket No. 16) ("Sams & Associates is liable to plaintiffs under Insurance Code § 790.03.")) Section 790.03 enumerates conduct that constitutes unfair insurance practices and provides a basis for regulatory action by the Insurance Commissioner. In <u>Moradi-Shalal v. Fireman's Fund</u>

---

[3] The court is unable to locate a single case in which a plaintiff has brought a claim for "negligent adjustment of loss." Plaintiff provides no guidance as to how negligent adjustment of loss may or may not differ from a common law negligence claim. The court is therefore left to its own interpretation as to what such a claim entails.

5

Insurance Co., 46 Cal.3d 287 (1988), the California Supreme Court determined that there is no private cause of action under California Insurance Code section 790.03. Id. at 304. Plaintiffs are therefore unable to state a claim under section 790.03.

The Moradi-Shalal court further held that, although private claims under section 790.03 are barred, plaintiffs are nevertheless permitted to bring common law claims against insurers for the same conduct. Id. at 304-05. The Moradi-Shalal decision, however, does not grant plaintiffs the right to bring negligence-based claims that simply mimic a section 790.03 claim because such an action is necessarily indistinguishable from the barred statutory action under section 790.03. Adelman v. Assoc. Int'l Ins. Co., 90 Cal. App. 4th 352, 370 n.11 (2d Dist. 2001); see also Doyle v. Safeco Ins. Co., No. CV F 08-1587, 2008 WL 5070055, at *6 (E.D. Cal. Nov. 26, 2008). California courts have accordingly held that there exists no separate cause of action for negligent handling of an insurance claim. See Everett Assocs., Inc. v. Transcon. Ins. Co., 35 Fed. App'x 450, 452 (9th Cir. 2002); Caso v. Hartford Cas. Ins. Co., No. CIV S-07-101, 2008 WL 1970024, at *7 (E.D. Cal. May 2, 2008); Benavides v. State Farm Gen. Ins. Co., 136 Cal. App. 4th 1241, 1252 (2006) (finding that a claim for negligent claims handling cannot be sustained independent of a claim for breach of contract).

Because plaintiffs are unable to state a claim against Sams & Associates under section 790.03 or for negligent adjustment of loss, the court will interpret plaintiffs' claim as a simple negligence claim.

6

2. <u>Plaintiffs' Ability to Raise a Negligence Cause of Action</u>

To prove a cause of action for negligence, plaintiffs must show "(1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate cause between the breach and (4) the plaintiff's injury." <u>Mendoza v. City of L.A.</u>, 66 Cal. App. 4th 1333, 1339 (2d Dist. 1998). "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." <u>Vasquez v. Residential Invs., Inc.</u>, 118 Cal. App. 4th 269, 278 (4th Dist. 2004). Defendants argue that Sams & Associates is a fraudulently joined party because, as an independent insurance adjuster, it does not owe a duty of care to plaintiffs and is thus exempt from liability.

The Ninth Circuit has noted that "under California law, negligence claims do not generally lie against insurers." <u>Conestoga Servs. Corp. v. Exec. Risk Indem., Inc.</u>, 312 F.3d 976, 980 (9th Cir. 2002); <u>see also</u> <u>Everett Assocs.</u>, 35 Fed. App'x at 452; <u>Sanchez v. Lindsey Morden Claims Servs., Inc.</u>, 72 Cal. App. 4th 249, 254-55 (2d Dist. 1999) ("[N]egligence is not among the theories or recovery generally available against insurers."). "Despite the open-ended language of California courts that negligence actions generally do not lie against insurers, there is no case law that provides a guide for when such exceptions are appropriate." <u>Diamond v. State Farm Mut. Auto. Ins. Co.</u>, No. CIV S-09-1110, 2011 WL 1807331, at *18 (E.D. Cal. 2011).

California courts have developed a body of caselaw specifically addressing the duties of insurance adjusters to

7

insureds.  These cases hold that no such duty exists where the adjuster is acting on behalf of the insurer.[4]  See, e.g., Sanchez, 72 Cal. App. 4th at 255 (finding adjuster owed no duty to insured for allegedly negligent claims handling); JSR Micro, Inc. v. QBE Ins. Corp., No. C 09-3044 PJH, 2009 WL 2600755, at *1 (N.D. Cal. Aug. 21, 2009) ("[C]laims brought against insurance adjusters acting on behalf of defendant insurer -- including those alleging intentional interference with contract and inducement of breach -- are normally barred."); Moreno v. Allstate Ins. Co., No. CIV-S02-1426, 2002 WL 31133203, at *2 (C.D. Cal. 2002) ("Under California law, it is well settled that '[a]n agent of an insurance company is generally immune from suits brought by claimants for actions taken while the agent was acting within the scope of its agency.'" (quoting Icasiano v. Allstate Ins. Co., 103 F. Supp. 2d 1187, 1189 (N.D. Cal 2000))).

---

[4] Defendants request that the court judicially notice the declaration of Michael Birney.  (Docket No. 22.)  Defendants rely on Mr. Birney's declaration to establish the limited authority Tower Select granted Sams & Associates in the claims review and approval process.  In order to determine if a defendant is properly joined, the court may consider extrinsic facts "showing the joinder to be fraudulent."  McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).  The Ninth Circuit has endorsed the view that, while the court may consider facts outside the complaint, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."  Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573-74 (5th Cir. 2004) (en banc)).  Although the declaration is consistent with plaintiffs' allegation that Sams & Associates acted as a "captive private insurance adjuster," (Compl. ¶ 20), plaintiffs "dispute certain statements made in the declaration," (Objection to Request for Judicial Notice at 2:11-12 (Docket No. 24)).  The court therefore declines to judicially notice Mr. Birney's declaration because it contains disputed facts and is not relevant to the court's ultimate determination.

8

The court in <u>Sanchez</u> noted that, as of 1999, "no California case has held insurers' adjusters liable to insureds for negligence," <u>Sanchez</u>, 72 Cal. App. 4th at 254, and the court is unable to find any cases since that time applying negligence liability to an independent insurance adjuster.

The California Court of Appeals decision in <u>Sanchez</u> is the leading case evaluating the duty of independent insurance adjusters and presents circumstances very similar to those present in this case. In <u>Sanchez</u>, an independent insurance adjustor was hired by the insurer to assist in discharging the insurer's obligation to pay its insured for a loss covered by the policy. The insured sued the claims adjuster, alleging the adjuster negligently handled the claim and caused economic injury to the insured. The <u>Sanchez</u> court, applying <u>Biakanja v. Irving</u>, 49 Cal. 2d 647 (1958), and <u>Bily v. Arthur Young & Co.</u>, 3 Cal. 4th 370 (1992), held that an independent insurance adjuster owed no duty of care to the insured. <u>Sanchez</u>, 72 Cal. App. 4th at 255.

The court relied on several factors in reaching this determination. First, the court noted that the adjuster is subject to the control of its principal, the insurer, and that it is the principal that ultimately decides coverage issues, and thus any injury to the insured is primarily attributable to the principal's actions. <u>Id.</u> at 253. Second, the insurer may limit its exposure to the insured, but the adjuster does not have any contractual ability to do so. Imposing a duty on the adjuster would therefore expose it to greater liability than the principal. <u>Id.</u> Third, the adjuster owes a duty of loyalty to its principal and imposing an additional duty to the insured

9

would create conflicting obligations that would interfere with the adjuster's faithful performance of its duty toward the principal. Id. Finally, the court found that the goal of deterring negligent conduct would not be significantly advanced by imposing a duty because adjusters are already deterred by the fact that the principal who hired them can seek indemnity from the adjuster for negligent conduct. Id. at 253-54.[5]

Although factually similar, the case at hand can be distinguished from Sanchez in one important respect -- plaintiffs do not merely allege that they should have received a higher monetary payout under their insurance policy, they allege that Sams & Associates' authorization and oversight of emergency repairs resulted in damage to their property. Plaintiffs' claim is therefore more expansive than a claim that merely disputes the size of an insurance policy payment because they argue that Sams & Associates' actions extended to include a tort against their physical property. The Sanchez court narrowed its holding to find that an "adjuster is not liable in tort to the insured for alleged negligent claims handling which causes only economic loss." Id. at 250-51 (emphasis added). In noting that its

---

[5] Plaintiffs argue that the Sanchez decision should not be followed because it fails to properly address Davis v. Continental Insurance Co., 178 Cal. App. 3d 836 (1st Dist. 1986), and California Manufacturers Assoc. v. Public Utilities Commission, 24 Cal. 3d 836 (1979), which plaintiff argues applies section 790.03 to independent adjusters. Plaintiffs' reliance is misplaced. The Davis case was decided prior to the California Supreme Court's decision in Moradi-Shalal that no private cause of action lies under section 790.03. California Manufacturers Assoc. is similarly inapplicable because it does not address insurance adjusters or section 790.03, but rather is concerned with the unrelated issue of the proper treatment of rebates received by utility companies from interstate gas suppliers. Cal. Mfrs. Assoc., 178 Cal. App. 4th at 848.

10

holding "is also consistent with the general law of agency," the court stated that "[a]n agent's mere failure to perform a duty owed to his principal may render him liable to third persons who rely on his undertaking where there is physical damage to person or property." Id. at 255.

Caselaw stating that insurance adjusters do not owe a duty to an insured uniformly address claims that the adjuster's actions contributed to the insurance company's failure to pay benefits under the claim. See, e.g., Cayo v. Valor Fighting & Mgmt. LLC, No. C 08-4763 CW, 2008 WL 5170125, at *4 (N.D. Cal. 2008) ("[A] negligence claim cannot lie against an insurer for failure to pay benefits due under the plan. This rule also applies to claims handling performed by an agent of the insurer." (citing Sanchez, 72 Cal. App. 4th at 254-55) (emphasis added)). The parties have not presented any authority, nor has the court been able to find any, in which the alleged negligence by an insurance adjuster or agent resulted in damage to physical property as opposed to mere economic loss.

During oral arguments, defendants suggested that because the physical property damage at issue occurred as part of Sams & Associates' claims investigation process, it is not an independent tort action that lies outside of the agency relationship. Damage caused by an insurance company's agent during the course of its investigation, however, is not automatically exempt from individual tort liability. In Miletich v. Travelers Property Casualty Insurance Co., No. D046869, 2006 WL 2497895 (4th Dist. Aug. 30, 2006), the California Court of Appeals held that a roofer hired by an insurance company to

11

1  inspect the insured's roof for covered damage could be held
2  individually liable for damage to the insured's roof caused by
3  his negligence during the inspection. Id. at *6. The court
4  found that Sanchez "did not purport to alter" established law
5  that "torts committed in the course and scope of [defendant's]
6  agency" remained a basis for the agent's individual liability.
7  Id.

8       There is no clear California precedent addressing the
9  question of an insurance adjuster's liability to an insured for
10 property damage. Courts determining the economic loss limitation
11 in Sanchez in other contexts have held that agents of insurance
12 companies can be held liable for damage to person or property.
13 See, e.g., Mintz v. Blue Cross of Cal., 172 Cal. App. 4th 1594,
14 1615 (2d Dist. 2009) ("[C]onsiderations identified in Sanchez
15 must necessarily be weighed differently when the result of a lack
16 of due care is physical injury from the withholding of medical
17 treatments."); Miletich, 2006 WL 2497895, at *6 (upholding
18 negligence claim against insurance company's roofing inspector
19 for damage caused during inspection). Although these cases are
20 not on all fours with the present case, and a court considering
21 an insurance adjuster's liability may choose to extend the rule
22 established in Sanchez to actions causing damage to the insured's
23 property, a court may also conclude otherwise.

24      The court must remand if there is a "non-fanciful
25 possibility that the plaintiffs can state a claim against the
26 non-diverse defendant." Vu, 602 F. Supp. 2d at 1154. Without
27 clear precedent establishing that no claim may be stated against
28 Sams & Associates, the court is unable to conclude that

12

plaintiffs' "failure is obvious according to the settled rules of the state."  McCabe, 811 F.2d at 1339.  Defendants have therefore not shown that plaintiffs will be unable state a viable claim against Sams & Associates.  Accordingly, it has not proven by clear and convincing evidence that joinder as to Sams & Associates was fraudulent.  Sams & Associates is therefore a legitimately named defendant and is a citizen of the same state as plaintiffs.  Accordingly, complete diversity does not exist and there was no federal jurisdiction to support removal.

        B.    Costs and Attorney's Fees

Because the joinder of Sams & Associates was not fraudulent, the court will grant plaintiffs' motion to remand and will deny Sams & Associates' and Tower Group's motion to dismiss as moot.  Nonetheless, the court will deny plaintiffs' motion for attorney's fees and costs because defendants' removal did not lack an objectively reasonable basis in law.  See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied.")

        IT IS THEREFORE ORDERED that plaintiffs' motion to remand be, and the same hereby is, GRANTED.

        IT IS FURTHER ORDERED that Sam & Associates' and Tower Group's motions to dismiss be, and the same hereby are, DENIED as moot.

        IT IS FURTHER ORDERED that plaintiffs' motion for attorney's fees be, and the same hereby is, DENIED.

DATED:  May 8, 2012

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE